1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Michael WINFIELD,

Plaintiff,

vs.

R. STRAUSS,

Defendant.

Case No.:  3:25-cv-2456-AGS-MMP

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF 3) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Michael Winfield, proceeding without an attorney, seeks to waive the filing fee for his lawsuit. That motion is granted, but his complaint doesn't pass mandatory screening.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Winfield moves to proceed *in forma pauperis*, that is, without paying the usual $405 in court fees. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status."); 28 U.S.C. § 1914(a) ("filing fee of $350"); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023) ("Administrative fee" of "$55"). Winfield is currently "incarcerated," not "employed," and does not have a "checking account" nor other "savings" or "assets" (ECF 3, at 1–3.) Based on these representations, the Court finds that he is unable to pay the required fees.

## SCREENING

Next, the Court must screen the complaint and dismiss it if—among other things—it "fails to state a claim." 28 U.S.C. § 1915(e)(2)(B). Although the requirement is not onerous, Winfield's complaint does not meet the standard. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that Rule 8's purpose

1

is to "give the defendant fair notice of what the claim is and the grounds upon which it rest" (cleaned up)).

Winfield is suing "Nurse R. Strauss" for "defamation of character, slander, mental anguish[,] and discrimination," relying on federal civil-rights law—specifically, 42 U.S.C. § 1983. (ECF 1, at 2.) The first three are not actionable under 42 U.S.C. § 1983. *See, e.g.*, *Paul v. Davis*, 424 U.S. 693, 712 (1976) (holding defamation is not actionable under § 1983 because "defamatory [statements], however seriously they may have harmed [plaintiff's] reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause"); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that "libel and slander claims against [prison employee] are precluded by *Paul*"); *Whatley v. Gray*, Case No. 17-cv-01591-DMS-NLS, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018) (finding a prisoner's "claims of 'defamation of character,' [] libel, or slander do not rise to the level of a federal constitutional violation"); *Carrillo v. Mission Valley Nordstrom Rack*, No. 23-cv-1535-WQH-LR, 2023 WL 7169560, at *4 (S.D. Cal. Oct. 30, 2023) (holding that plaintiff's allegation that defendant "defamed his character" "fails to allege the deprivation of a constitutional right").

That leaves Winfield's discrimination claim, which he does not sufficiently explain. First, he does not specify what discrimination law his claim is based on. Discrimination claims usually require that the plaintiff allege he belongs to a "protected class." *See, e.g.*, *JW Seals v. Los Angeles Unified Sch. Dist.*, No. Cv 18-10104-CBM-(JEMx), 2020 WL 5092455, at *2 (C.D. Cal. May 14, 2020) (California Fair Employment and Housing Act discrimination claim requires that plaintiff "belongs to a protected class"); *Narayanan v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ. ex rel. Univ. of Nev., Reno*, No. 3:11–cv–00744–LRH–VPC, 2013 WL 2394934, at *5 (D. Nev. May 30, 2013) (Title VII discrimination claim requires that plaintiff "belonged to a protected class"). Winfield never does so. Second, he fails to allege any facts supporting discrimination—he just provides statements he perceives as "defamation" or "slander." (ECF 1, at 3; ECF 1-2, at 2 ("Complainant alleges 'Nurse R. Strauss' stated that she alone gave the complainant

2

HIV.").

Because Winfield's bare-bone allegations are deficient—and mostly support non-actionable claims—his complaint must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring a complaint contain enough facts to "state a claim to relief that is plausible on its face"). Given Winfield's unrepresented status, however, the Court grants him leave to file an updated IFP petition and amend his complaint. After all, a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

2. Plaintiff's complaint is **DISMISSED** with leave to amend.

3. By **January 16, 2026**, plaintiff must file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of his pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If Winfield fails to timely amend, the Court will enter a final Order dismissing this case.

Dated:  December 2, 2025

Hon. Andrew G. Schopler
United States District Judge

3