UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Michael WINFIELD,
Plaintiff,
vs.
R. STRAUSS,
Defendant.

Case No.: 3:25-cv-2456-AGS-MMP

**ORDER DISMISSING AMENDED COMPLAINT (ECF 5) WITH LEAVE TO AMEND**

Because plaintiff Michael Winfield's amended complaint—like his original complaint—does not plead adequate facts, it must be dismissed. But the Court grants him one last chance to rewrite his complaint to make it legally sufficient.

**DISCUSSION**

Since plaintiff remains a prisoner and is proceeding *in forma pauperis*, the Court must screen the complaint and dismiss it if it is "frivolous" or "fails to state a claim." 28 U.S.C. § 1915(e)(2)(B). "A document filed pro se is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the requirement is not onerous, Winfield's complaint does not meet the standard.

**A. Section 1983 Claims**

Winfield again brings suit against "Nurse R. Strauss" for "slander, defamation of character, and emotional distress," relying on federal civil-rights law—specifically, 42 U.S.C. § 1983. (ECF 1, at 2.) But, again, these claims are not actionable under 42 U.S.C. § 1983. *See, e.g.*, *Paul v. Davis*, 424 U.S. 693, 712 (1976) (holding defamation is not actionable under § 1983 because "defamatory [statements], however seriously they may

have harmed [plaintiff's] reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause"); *Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that "libel and slander claims against [a prison employee] are precluded by *Paul*"); *Whatley v. Gray*, Case No. 17-cv-01591-DMS-NLS, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018) (finding a prisoner's "claims of 'defamation of character,' [] libel, or slander do not rise to the level of a federal constitutional violation"); *Carrillo v. Mission Valley Nordstrom Rack*, No. 23-cv-1535-WQH-LR, 2023 WL 7169560, at *4 (S.D. Cal. Oct. 30, 2023) (holding that plaintiff's allegation that defendant "defamed his character" "fails to allege the deprivation of a constitutional right").

**B. Deliberate Indifference**

Winfield also added another claim for "deliberate indifference" under "the Cruel and Unusual Punishment" Clause of the "8th Amendment." (ECF 5, at 2.) "Deliberate indifference is a high legal standard." *Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004). To succeed on this claim, Winfield must show that "the prison official [knew] of and disregard[ed] an excessive risk to inmate health and safety." *Id*. at 1057 (cleaned up). So, Nurse Strauss must have "be[en] aware of facts" suggesting a "substantial risk of serious harm exists" and made that "inference." *Id*.

Winfield alleges that Nurse Strauss intentionally infected him with "HIV" "to make [him] look bad in state prison." (ECF 5, at 2.) He alleges she had opportunity to do so because she "treated" him and "drew blood." (*Id*.) Plaintiff states that, by "March of 2025," he had "taken the AIDS test three times," and "was told" that he did not "have AIDS." (*Id*.) He then took the test again on "December 11, 2025," but, at the time of filing the amended complaint, had not received the results. (*Id*.) Finally, he states that Nurse Strauss was treating him for "mental illness." (*Id*. at 3.)

Winfield's presented facts do not reach the required pleading standard. While it is true that the Court must accept as true all "well pleaded factual allegations," the complaint must contain enough facts to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The only factual allegations Winfield

raises are that Nurse Strauss "treated" him and that "Doctor Belltrain," who is not a party to the suit, "confirmed" that Nurse Strauss said "she gave the complainant HIV to make [him] look bad in state prison." (ECF 5, at 2.) These bare-bones allegations would require untenable logical leaps by the Court to sustain. Most clearly, there is no allegation in the complaint that plaintiff even has HIV. (*See generally id.*) And, as discussed above, the tests that may be suggestive of him having HIV—several tests for "AIDS"—were negative. (*Id.* at 2.) Without more, this claim cannot move forward.

## CONCLUSION

Because Winfield's allegations are deficient, his complaint must be dismissed. Given Winfield's unrepresented status and his new claim, however, the Court grants him leave to amend his complaint. After all, a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

Thus, the Court orders as follows:

1. Plaintiff's complaint is **DISMISSED** with leave to amend.

2. By **December 16, 2026**, plaintiff must file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of his pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If Winfield fails to timely amend, the Court will enter a final Order dismissing this case.

Dated: October 19, 2025

Hon. Andrew G. Schopler
United States District Judge